Mr. Chief Justice Sharkey
delivered the opinion of the court.
On petition for re-argument.
This case is submitted on a motion to dismiss the writ of error, and also on the merits, if that motion should be overruled. The ground relied on for dismissing is, that a writ of error was granted after a forthcoming bond had been forfeited, and yet on the merits it is insisted that the judgment of the circuit court must be affirmed, because there is no forthcoming bond set out in the record. If there be no bond, how are we to know that the writ of error was granted after a bond had been forfeited'? The counsel for the defendant in error seeks first to dismiss, and if that cannot be done, then he seeks to sustain a judgment by which a forthcoming bond was quashed. If the-bond was quashed, the presumption is that it was void, and presented no impediment to the suing out of a writ of error. But the truth is, the writ of error brings up the judgment only by which the bond was quashed, rendered at December term, 1843. Although a writ of error, as to the original judgment, is barred by the forfeiture of a forthcoming bond, yet if the bond be the subject of a motion and judgment, a writ of error may be granted to reverse that judgment, because it is a distinct and independent matter; it is then a new proceeding, and that is the case in this instance. There is therefore no ground for dismissing.
As the record is defective in not containing the bond, properly incorporated in a bill of exceptions, we have no means of knowing whether the bond was so defective as to justify the *391 judgment, and the presumption -would be that the judgment was correct, until the contrary was shown. But on the other side, it is insisted that the judgment by which the bond was quashed was rendered at a term subsequent to the return term, and for that reason ought to be reversed. To this it is answered, that no such fact appears by the record. What, then, does the record show 1 First, the original proceedings in the suit up to judgment; second, amotion to quash a forthcoming bond, made at April term, 1839, and sustained; third, a motion made at December term, 1842, to quash a forthcoming bond, which was taken under advisement, but the record does not show any judgment on it; and, fourth, another motion to quash the forthcoming bond, made at December term, 1843, which was sustained, to reverse which this writ of error was granted. The argument is, that nothing but this last motion is properly a part of the record, and beyond this we cannot look. It is impossible to perceive any reason why one motion to quash a forthcoming bond in a cause should be part of the record, and another motion of the same kind, made in the same cause, should not constitute part of the record. It is a mistake to suppose that it is not so. Every motion made in a cause constitutes part of its history, and is as much a part of the record as the declaration, plea, or judgment. The evidence offered is no part of the record, unless made so by bill of exceptions. In this aspect of the case how does the matter stand 1 In April, 1839, a bond was quashed on motion. At December term, 1842, another motion was made to quash a forthcoming bond, which was taken under advisement, and never decided; and a year afterwards, at December term, 1843, another motion was made to quash the same bond, as we must suppose, that was attempted to be quashed at December term, 1842. We say that the two last motions were made to quash the same bond, because there can be but one valid bond given; the law does not allow more, and, as the bond was not quashed on the motion in 1842, it must have been the same bond which was quashed in 1843. Assuming, then, that December term, 1842, was the return term of the bond, that was the proper term to quash it; and *392 although the court may have had the power to take the motion under advisement, yet the decision should have been made in writing, within four months. H. & H. Dig. 481. And as it was not so made, the effect was, that the motion expired with the term. According to this view of the case, the bond was quashed twelve months after the return term. That was too late, and the judgment was therefore void. The truth is, however, the first judgment quashing the bond, rendered at April term, 1839, was brought to this court by writ of error, and the judgment reversed. The bond, then, which was quashed at December term, 1843, was returnable at least as early as April, 1839. But it is insisted that this does not appear by the record; that it is only theory. It is a theory which we shall always feel bound to adopt when an effort is made to get rid of the effects of the judgments of this court, and the rules of law they establish. If we are to shut our eyes against our own judgments, we may be called on to decide cases over and over again.
Judgment reversed.
The defendant in error, on the delivery of the foregoing opinion, applied in the regular way for a rehearing. The application was refused.